(33 Misc. Rep. 501.)

PEOPLE v. ERWIN.

(Supreme Court, Special Term, New York County.   December, 1900.)

GRAND LARCENY—CONVICTION—CERTIFICATE OF REASONABLE DOUBT—SUFFICIENCY OF EVIDENCE.
    R. went into a store, and made a small purchase, and went out, and in about two minutes defendant came in, and in payment of a small purchase tendered a two-dollar bill, and received change, and soon returned, saying that he had dropped some of the change, and while the storekeeper was searching on the floor for it with a lighted match R. entered and robbed the safe, and in a scuffle between R. and the storekeeper defendant tried to separate them.   *Held*, that the evidence on conviction of defendant for grand larceny entitled him to a certificate of reasonable doubt to stay execution of a judgment pending an appeal.

Defendant was convicted of grand larceny, and, after a new trial was denied, he filed a motion for a certificate of reasonable doubt. Motion granted.

Asa Bird Gardiner, Dist. Atty., for the People.

Amos H. Evans, for defendant.

BLANCHARD, J. The defendant was jointly indicted with one Richards for larceny and receiving stolen goods. He was tried in the court of general sessions, and convicted of grand larceny in the second degree, and a motion was made for a new trial, and denied. He has duly appealed to the appellate division. In order to stay the execution of the judgment of conviction pending the appeal, he comes to a justice of this court, and asks for a certificate of reasonable doubt. It was conceded on the trial that the value of all property involved was $87, and the only question that need be considered on this application is whether the defendant was associated with Richards in the commission of the crime. It thus becomes necessary to examine the evidence in this case. The complaining witness testified that Richards came into his store at No. 187 Division street, in the city and county of New York, after 5 o'clock in the evening of December 5, 1899, "and bought some corned beef for ten cents," and tendered a two-dollar bill for change; that he gave Richards his change, and put the bill on the safe behind the counter; that Richards left the store, and about two minutes later the defendant entered, "and bought some bologna sausage for five cents," giving a two-dollar bill for change; that the defendant said he desired the change in paper money; that he went to his safe, and got it, gave the defendant his change, and put his two-dollar bill on the safe; that the defendant left, and after a few minutes, or a couple of minutes, returned, and stated that he had lost the change. Thereupon the complaining witness took some matches, searched for the change, and found a ten-cent piece, which he gave to the defendant. This occurrence consumed a minute or a minute and a half. On going back into the store, he found Richards "at the safe." Richards "came from behind the counter," and the complaining witness, noticing that the two two-dollar bills he had left on the safe were gone, seized him, and demanded the four dollars. The complaining witness continues:

"He tried to break out, and drag me out into the street. Then I commenced to shout, to holler, and in this moment the defendant came, and tried to interfere between me and this man,—tried to separate us. The defendant pushed me away from the man that I had caught. * * * I had hold of both men * * * when the officer came and arrested both parties, and took them inside the store."

On cross-examination the witness was unable to state whether the defendant pulled him or the other man off. The foregoing is substantially all the evidence connecting the defendant with the commission of the crimes charged in the indictment, and I do not think it is sufficient to warrant the conviction. The acts of the defendant do not seem to be inconsistent with his innocence. His presence at the time and place mentioned, and his unsatisfactory explanation of

it, the revolver found in his pocket, his purchase, the loss and recovery of his change, his efforts to separate the complaining witness and Richards, are acts in themselves not inconsistent with 'innocence of the commission of the crime charged. They may well arouse suspicions against him, but they do not establish his guilt. They would be entitled to more weight if any connection whatever had been established between the defendant and Richards, but the record fails to disclose that they had ever known, or even seen, each other. Motion for certificate of reasonable doubt is granted.

Motion granted.